# FARMERS CO-OPERATIVE ELEVATOR COMPANY OF ATWATER v. NELS ENGE and Another.[1]

July 17, 1914.

Nos. 18,709—(219).

**Commission merchant's bond — liability of surety.**
An agreement between plaintiff, a country grain dealer, and a commission

[1] Reported in 148 N. W. 465.

merchant, pursuant to which their business was conducted, and their course of dealing thereunder, *held* not to relieve defendant surety company from liability on its bond, given under G. S. 1913, § 4598, et seq., where such merchant failed to account for proceeds of sales of grain consigned to him by plaintiff.

After the former appeal reported in 122 Minn. 316, 142 N. W. 328, the case was tried before Kingsley, J., who denied defendant company's motions to dismiss the case and for a directed verdict, and a jury which returned a verdict for $2,312.33 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant Massachusetts Bonding & Insurance Co. appealed. Affirmed.

*Brown & Guesmer,* for appellant.

*George H. Otterness* and *O'Brien, Young & Stone,* for respondent.

Philip E. Brown, J.

Plaintiff prevailed against the Massachusetts Bonding & Insurance Co., in an action to recover from defendant Enge the net proceeds, exceeding $2,000, of two carloads of wheat alleged to have been consigned by plaintiff to him as a licensed commission merchant, and from his co-defendant, above named, as surety, on a statutory bond. The latter appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The complaint was sustained as against a general demurrer, in 122 Minn. 316, 142 N. W. 328, where its substance is detailed. The pertinent statutory provisions regulating the licensing and bonding of commission merchants are contained in G. S. 1913, § 4598, et seq., some of which are construed in the opinion of Chief Justice Brown in the case cited. Plaintiff established *prima facie* the allegations of the complaint; but it appeared that Enge had been a commission merchant of Minneapolis for several years previous to the shipments mentioned, during which time plaintiff, a country grain dealer, had been forwarding grain to him for sale, the business between them being conducted as follows: Enge sold the grain; made reports of sales to plaintiff; credited the net proceeds to it;

honored its drafts on the account; occasionally furnished it money; purchased commodities and futures for it on request, charging same to it in the account, and allowed it interest on balances. · Pursuant to this arrangement a large amount of business was transacted, in the course of which plaintiff was sometimes indebted to Enge, but at the time of the shipments in controversy he owed it a sum exceeding $10,000.

Appellant's contention is that the agreement, with this long course of dealing, took the case out of the statute, establishing the ordinary relation of debtor and creditor, and abrogated that usually arising between consignor and consignee, thus relieving it of responsibility. The gist of the argument in support of this position is that plaintiff did not require Enge to handle the money received from sales of grain as prescribed by the statutes referred to; that the bond was given to secure his honesty and not his credit or continued solvency; and that no breach of duty imposed by the statute occurred, because he disposed of the proceeds in accordance with both the agreement and course of dealings. We do not concur. In the case cited it is said:

"The several sections of the statute were designed by the legislature for the protection of dealers in farm produce, who were, in the nature of the business, compelled to intrust the sale of their commodities to commission merchants located at commercial centers;" and, further, that the principal purposes of the law were "the protection of shippers from the over-reaching of commission merchants."

The surety's obligation was conditioned as required by statute, and in terms provided it should stand responsible that Enge should "faithfully account and report to all persons intrusting him with grain," etc., to be sold for account of the consignor, less the customary charges "on account of the making of said sale, and necessary· and actual disbursements," and should "faithfully perform his duties as such commission merchant." The statute is silent as to the duty of the commission merchant to remit proceeds, merely requiring him to render to the consignor true statements of sales, the legislature evidently not intending to interfere with the common law rule allowing the factor to account within the time agreed, or, in the absence of

such agreement, within a reasonable time, and, in any event, upon a reasonable demand (Mechem, Agency, § 1023), nor with the further rule that he is not required to keep separately moneys received upon sales for different consignors, but may commingle them with like funds of his own, from whatever source derived, he, however, becoming in such cases forthwith a debtor of and liable to the consignor. Id. 1022; Vail v. Durant, 7 Allen (Mass.) 408. We are unable to see how the contractual relations between Enge and plaintiff, or their course of dealing, relieves appellant of responsibility. The business was, no doubt, conducted substantially as like transactions where a commission merchant acts generally for his principal in making sales and purchases, and in handling other trading for him, nor does the allowance of interest affect the matter; the crux being that Enge received plaintiff's property as a commission merchant, sold the same, and failed to account. Appellant is in no position to invoke rules of strict construction in its favor; and plaintiff's claim is within not only the terms of the bond but also the reasons of the statute. See Fay v. Bankers Surety Co. 125 Minn. 211, 146 N. W. 359, 360.

We hold appellant's liability established as a matter of law, and find no errors in rulings on evidence or in the charge which could affect the result.

Order affirmed.